SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SHANNON Z. PETERSEN, Cal Bar No. 211426
SIEUN J. LEE, Cal Bar No. 311358
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: 858.720.8900
Facsimile: 858.509.3691
Email        spetersen@sheppardmullin.com
             slee@sheppardmullin.com

Attorneys for Defendant
SMARTBIZ BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MECHAUN SCOTT, individually,<br><br>Plaintiff,<br><br>v.<br><br>THOMSON REUTERS CORPORATION; SMARTBIZ BANK, N.A., and DOES 1-10 inclusive,<br><br>Defendant(s). | Case No. 4:25-cv-04103-RS<br><br>**DECLARATION OF SHANNON Z. PETERSEN IN SUPPORT OF DEFENDANT SMARTBIZ BANK, N.A.'S MOTION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING ARBITRATION**<br><br>Date: August 14, 2025<br>Time: 1:30 p.m.<br>Ctrm: 3<br>Judge: Chief District Judge Richard Seeborg |

SMRH:4907-6528-6220.1

-1-   Case No. 4:25-cv-04103-RS
DECLARATION OF SHANNON Z. PETERSEN IN SUPPORT OF
DEFENDANT SMARTBIZ'S MOTION TO COMPEL ARBITRATION

I, Shannon Z. Petersen, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Defendant SmartBiz Bank, N.A. in this action. I have personal knowledge of the facts stated in this declaration.

2. On June 9, 2025, I understand that SmartBiz sent a letter via email to Plaintiff Mechaun Scott's counsel, demanding that Scott submit her dispute to arbitration. Attached as **Exhibit A** is a true and correct copy of this email and accompanying letter.

3. To date, Scott has not submitted her dispute to arbitration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th day of July, 2025, at San Diego, California.

_____
Shannon Z. Petersen

EXHIBIT A

June 9, 2025

**VIA EMAIL**
Devin Fok
Joshua E. Kim
DHF Law, PC
2304 Huntington Drive, Suite 210
San Marino, CA 91108
devin@devinfoklaw.com
joshua@devinfoklaw.com

Re:   Scott v. Thomson Reuters, et al.
      U.S. District Court, Northern District of California, Case No. 3:25-cv-04103

**CONFIDENTIAL SETTLEMENT COMMUNICATION**

Counsel:

I am the General Counsel for SmartBiz Bank, N.A. ("SmartBiz"). I understand that Plaintiff Mechaun Scott has filed a Complaint, asserting one claim against SmartBiz for violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(a), and two claims against Thomson Reuters Corporation for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681e(b) and 1681g.

Though SmartBiz has not violated the ECOA or engaged in any wrongdoing, [REDACTED]

SmartBiz hopes to avoid the cost and inconvenience of litigation if possible, but is prepared to retain outside counsel and to defend itself first by moving to compel arbitration and then moving to dismiss the case for the reasons explained below.

**Plaintiff's Allegations**

Plaintiff alleges that on May 11, 2023, SmartBiz denied her application for a business loan on the basis of expunged criminal history information and a public record of civil judgment against her. Compl. ¶ 2. Plaintiff claims the "denial of Plaintiff's business loan application on the basis of her criminal history information adversely impacted her on the basis of her race." *Id.* ¶ 29. Plaintiff explains, "Because African Americans are arrested, charged, convicted, and sentenced disproportionately compared to other races, use of criminal history information in making credit decisions necessarily has an adverse impact on African Americans." *Id.* ¶ 28. Based on these allegations, Plaintiff claims SmartBiz violated the ECOA when it denied her application.

June 9, 2025
Page 2

### The Defenses

SmartBiz has many defenses here, including but not limited to the following.

#### Plaintiff Cannot Show SmartBiz Violated The ECOA

The ECOA makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction—(1) on the basis of race . . ." 15 U.S.C. § 1691(a)(1). "To state a claim for violation of the ECOA, a plaintiff must allege that: (1) she is a member of a protected class; (2) she applied for credit with defendants; (3) she qualified for credit; and (4) she was denied credit despite being qualified." See Green v. C. Mortg. Co., 148 F. Supp. 3d 852, 879 (N.D. Cal. 2015). Specifically, a plaintiff must show that the defendant discriminated against them on the basis of the plaintiff's membership in a protected class. Harrison v. Wells Fargo Bank, N.A., 2019 WL 2515582, at *4 (N.D. Cal. June 18, 2019)

As an initial matter, Plaintiff fails to allege that she is a member of a protected class. Indeed, Plaintiff does not allege her race in the Complaint. Instead, Plaintiff merely asserts in a conclusory fashion that SmartBiz violated the ECOA "by denying Plaintiff's business loan application on the basis of her race." Compl. ¶ 30.

Even assuming that Plaintiff is a member of a protected class, her ECOA claim still fails because she does not allege any facts showing SmartBiz intentionally discriminated against her on the basis of her race. To the contrary, Plaintiff's allegations show SmartBiz denied her application based on "expunged criminal history information and a public record of civil judgment against Plaintiff," Compl. ¶ 2, not because of her race. The Complaint is devoid of any allegations suggesting that SmartBiz considered Plaintiff's race or harbored any discriminatory animus in denying her application. See, e.g., Brown v. City Nat'l Bank, 2025 WL 860502, at *2 (N.D. Cal. Mar. 19, 2025) ("Specific allegations of discriminatory intent or motive are necessary for any disparate treatment claim under the ECOA."); Canatella v. Reverse Mortg. Solutions, Inc., 2016 WL 6070508, at *4 (N.D. Cal. Oct. 17, 2016) (dismissing ECOA claim where plaintiff "does not describe any statements by [defendant], or any other evidence, that plausibly could show that the company denied his loan with discriminatory intent."); Arikat v. JP Morgan Chase & Co., 430 F. Supp. 2d 1013, 1025 (N.D. Cal. 2006) (dismissing plaintiffs' complaint where it "contain[ed] no factual allegations that they were discriminated against based on any of the reasons enumerated in [the ECOA].").

Moreover, to the extent Plaintiff's ECOA claim is brought under a disparate impact theory, it likewise fails. Plaintiff's Complaint contains no factual allegations (such as statistical evidence or specific allegations of a discriminatory policy or its effect) sufficient to state a disparate impact claim. Instead, Plaintiff offers only the conclusory assertion that, "[b]ecause African Americans are arrested, charged, convicted, and sentenced disproportionately compared to other races," SmartBiz's consideration of an applicant's criminal history "necessarily has an adverse impact on African Americans." Compl. ¶ 28. Such generalized allegations do not satisfy Plaintiff's burden to allege a specific facially neutral policy that caused a significantly adverse or disproportionate impact on members of a protected class. See, e.g., Adhvaryu v. Bank of Am., N.A., 2019 WL 6499211, at *6 (C.D. Cal. Aug. 1, 2019) ("'[I]t is not enough to simply allege that

June 9, 2025
Page 3

there is a disparate impact . . . or point to a generalized policy that leads to such an impact.'") (quoting *Smith v. City of Jackson*, 544 U.S. 228, 241(2005)); *Garcia v. Spun Steak Co.*, 998 F.2d 1480, 1486 (9th Cir. 1993) ("To make out a prima facie case of discriminatory impact, a plaintiff must identify a specific, seemingly neutral practice or policy that has a significantly adverse impact on persons of a protected class."); *Merritt v. Countrywide Fin. Corp.*, 2016 WL 6573989, at *12 (N.D. Cal. June 29, 2016), aff'd, 783 Fed. Appx. 717 (9th Cir. 2019) (citing *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2523 (2015)) ("Plaintiffs have failed to establish that this purported policy, rather than Plaintiffs' own financials, led Defendants to offer them subprime loans. This defect is fatal to Plaintiffs' claim.").

In any event, the facts here show that SmartBiz did not discriminate against Plaintiff based on her race. The background check for Plaintiff's loan application included a conviction for financial fraud. SmartBiz invited Plaintiff to submit additional facts or reasons concerning this information, but she never followed up. As I am sure you can understand, lenders are particularly and justifiably cautious about extending credit to individuals who have a history of financial fraud, much less a criminal conviction for fraud. Plaintiff's race had nothing to do with the decision to deny her credit application.

### Plaintiff Agreed To Arbitrate Her Dispute

Plaintiff has previously agreed to arbitrate her disputes, such as the ones at issue in the present action, against SmartBiz.

SmartBiz's records show that when Plaintiff started her application for a business loan with SmartBiz on April 26, 2023, Plaintiff expressly agreed to SmartBiz's terms and conditions, which included an arbitration provision.

Specifically, Plaintiff agreed to the terms and conditions that state in relevant part:

> **Dispute Resolution and Arbitration**
>
> YOU AGREE THAT YOU HAVE READ THIS PROVISION CAREFULLY AND UNDERSTAND THAT IT LIMITS YOUR RIGHTS IN THE EVENT OF A DISPUTE BETWEEN YOU AND SMARTBIZ. YOU UNDERSTAND THAT YOU HAVE THE RIGHT TO REJECT THIS PROVISION AS PROVIDED IN PARAGRAPH (b) BELOW.
>
> a. *Either party to this Agreement, may, at its sole election, require that the sole and exclusive forum and remedy for resolution of a Claim be final and binding arbitration* pursuant to this section (the "Arbitration Provision"), unless you opt out as provided in section (b) below. As used in this Arbitration Provision, *"Claim" shall include any dispute, or controversy involving you* (or persons/entities claiming through or connected with you), *on the one hand, and us* (or persons/entities claiming through or connected with us), on the other hand, *relating to or arising out of this Agreement, the Site, and/or the activities or*

June 9, 2025
Page 4

> *relationships that involve, lead to, or result from any of the foregoing, including the validity and enforceability of this Arbitration Provision, any part thereof, or the entire Agreement.* Claims are subject to arbitration regardless of whether they arise from contract; tort (intentional or otherwise); a constitution, statute, common law, or principles of equity; or otherwise. Claims include matters arising as initial claims, counter-claims, cross-claims, third-party claims, or otherwise. The scope of this Arbitration Provision is to be given the broadest possible interpretation that is enforceable.
>
> . . .

(emphasis added).

Plaintiff subsequently utilized SmartBiz's website and submitted a business loan application with SmartBiz on May 11, 2023. Plaintiff alleges that SmartBiz denied her business loan, because of her race. Based on these allegations, Plaintiff asserts a single claim for violation of the ECOA against SmartBiz.

Plaintiff's claim against SmartBiz is subject to binding arbitration, as it is a claim (1) relating to or arising out of the SmartBiz website, and (2) the activities or relationship that involve, lead to, or result from the website, i.e. Plaintiff's submission and SmartBiz's subsequent denial of the loan application. Accordingly, the arbitration provision applies to Plaintiff's claim here.

In the event Plaintiff does not accept SmartBiz's offer of settlement, SmartBiz requests that Plaintiff stipulate to arbitrate her dispute against SmartBiz and to stay the court action pending arbitration. In the alternative, Plaintiff can voluntarily dismiss her action and proceed instead with a demand in arbitration. Otherwise, SmartBiz will file a motion to compel arbitration.

For these and other reasons, SmartBiz is confident that it will ultimately prevail in this action by winning on the merits. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ We look forward to hearing from you by then.

June 9, 2025
Page 5

Best regards,



Robert Hale
General Counsel
SmartBiz Bank, N.A.

50 Francisco St, #302
San Francisco, CA 94133
robert@smartbizloans.com
(415) 757-6857