SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SHANNON Z. PETERSEN, Cal Bar No. 211426
spetersen@sheppardmullin.com
SIEUN J. LEE, Cal Bar No. 311358
slee@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130
Telephone:  858.720.8900

Attorneys for Defendant
SMARTBIZ BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MECHAUN SCOTT, individually, | Case No. 3:25-cv-04103-RS |
| Plaintiff, | Judge: Hon. Richard Seeborg |
| v. | **DEFENDANT SMARTBIZ BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION** |
| THOMSON REUTERS CORPORATION; SMARTBIZ BANK, N.A., and DOES 1-10 inclusive, | Date:    August 14, 2025<br>Time:    1:30 p.m.<br>Ctrm:    3<br>Judge:   Chief District Judge<br>              Richard Seeborg |
| Defendants. | Complaint Filed:      05/12/2025 |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   THE COURT SHOULD GRANT THE MOTION ......................................... 2

    A.    Scott Agreed To The Arbitration Provision............................................ 2

    B.    The Arbitration Provision Is Not Unconscionable ................................ 4

    C.    Plaintiff Must Submit This Dispute To Arbitration................................ 5

III.  CONCLUSION ......................................................................................... 6

SMRH:4921-7043-5927.3

Case No. 4:25-cv-04103-RS
DEFENDANT SMARTBIZ'S REPLY IN SUPPORT
OF ITS MOTION TO COMPEL ARBITRATION

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3
<u>Cases</u>

4
*Cal. Grocers Ass'n v. Bank of Am.*
5
    22 Cal.App.4th 205 (1994) ........................................................................4

6
*Chavarria v. Ralphs Grocery Co.*
7
    733 F.3d 916 (9th Cir. 2013) ..................................................................4

8
*Cordas v. Uber Techs., Inc.*
    228 F.Supp.3d 985 (N.D. Cal. 2017) ......................................................3
9

*Grabowski v. Robinson*
10
    817 F.Supp.2d 1159 (S.D. Cal. 2011) ....................................................2

11
*Hong v. StubHub, Inc.*
12
    2024 WL 4720924 (C.D. Cal. Sept. 9, 2024) ........................................3

13
*Perez v. Bath & Body Works, LLC*
14
    2022 WL 2357004 (N.D. Cal. June 30, 2022) ......................................2

15
*Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*
16
    55 Cal.4th 223, 246 (2012) ....................................................................4

17
*White v. Conduent Com. Sols., LLC*
18
    2024 WL 4373847 (E.D. Cal. Oct. 2, 2024) ..........................................3

19
<u>Statutes and Rules</u>

20
Federal Arbitration Act ....................................................................................1

21
Federal Rule of Evidence 1002 ......................................................................3

22

23

24

25

26

27

28

SMRH:4921-7043-5927.3

Case No. 4:25-cv-04103-RS
DEFENDANT SMARTBIZ'S REPLY IN SUPPORT
OF ITS MOTION TO COMPEL ARBITRATION

# I. <u>INTRODUCTION</u>

Despite Plaintiff Mechaun Scott's opposition, the Court should grant Defendant SmartBiz Bank, N.A.'s motion to compel arbitration. SmartBiz has provided sufficient evidence showing that Scott visited SmartBiz's website and agreed to its Terms of Service, including its arbitration provision, by affirmatively checking a box and pressing a button to confirm her consent. Under controlling Ninth Circuit law, this is sufficient manifestation of assent to be bound by a contract. Scott does not submit any declaration and does not present any evidence claiming she did not agree to the Terms.

Scott does not dispute that the Federal Arbitration Act applies to the arbitration provision at issue, that the law favors arbitration, and that her claims fall within the scope of the arbitration provision. Scott does not claim that she was fraudulently induced to enter into the arbitration provision or that she did so under duress. Instead, Scott contends the arbitration provision is procedurally and substantively unconscionable due to "exorbitant arbitration costs." But costs of the arbitration are irrelevant to the determination of procedural or substantive unconscionability. In any event, under the JAMS rules, arbitration costs for consumers are limited to a $250 filing fee, which is less than the filing fee of $405 for this Court, and SmartBiz has agreed to cover any arbitration fees determined "cost prohibitive." Scott has not made any showing that she cannot afford $250 to pursue her claim. Thus, any challenge to the arbitration provision based on costs is misplaced.

Lastly, Scott's argument that the arbitration provision does not mandate arbitration is unavailing. The arbitration provision expressly allows either party to require arbitration. SmartBiz properly invoked this right by demanding that Scott submit her dispute to arbitration. Scott, however, failed to comply with her contractual obligation and to submit this dispute to arbitration.

1   For these reasons, the Court should grant this motion, compel Scott to

2   arbitrate her claims, and stay this action pending arbitration.

3   **II.      THE COURT SHOULD GRANT THE MOTION**

4   **A.      Scott Agreed To The Arbitration Provision**

5   SmartBiz provided sufficient evidence of Scott's consent to arbitration.

6   According to SmartBiz's records, Scott visited SmartBiz's website and answered a

7   series of questions about the business loan, her business, and her background.

8   daRosa Decl. ¶¶ 5-6, Ex. B.  She affirmatively checked the box next to the

9   disclosure stating, "I have reviewed, understand and agree to the SmartBiz Terms of

10  Service[, which includes the arbitration provision,] and Privacy Policy. . . ." *Id.* ¶¶

11  6-8, Ex. B.  She then clicked the "Continue to pre-qualify" button located below the

12  disclosures, and subsequently, submitted her loan application online.  *Id.* ¶ 8, Ex. B.

13  Notably, Scott does not expressly deny that she agreed to SmartBiz's Terms

14  of Service, nor does she submit any evidence, such as a declaration, to show she did

15  not consent.  Rather, she argues in a conclusory manner that SmartBiz has offered

16  "no evidence that [she] checked the box manifesting her agreement."  Opp. at 2.

17  This is insufficient to raise a genuine dispute of material fact as to whether she

18  agreed to arbitration.  *See Perez v. Bath & Body Works, LLC*, 2022 WL 2357004, at

19  *3 (N.D. Cal. June 30, 2022) (finding that the defendant's declaration regarding

20  sign-up flow was sufficient to establish plaintiff's assent and explaining "[t]he

21  declaration is now unrebutted because [plaintiff] has not submitted her own

22  declaration saying anything to the contrary."); *Grabowski v. Robinson*, 817

23  F.Supp.2d 1159, 1168 (S.D. Cal. 2011) ("'it is not sufficient for the party opposing

24  arbitration to utter general denials of the facts on which the right to arbitration

25  depends. . . . the party opposing [arbitration] may not rest on a denial but must

26  submit evidentiary facts showing that there is a dispute of fact to be tried.'")

27  (quoting *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995).

28

1    Rather than submitting any evidence to rebut SmartBiz's argument, Scott

2    raises an evidentiary objection, claiming that SmartBiz failed to submit "original

3    writing" required under Federal Rule of Evidence 1002.  Courts have routinely

4    rejected such an objection and have held that screenshots and declarations are

5    sufficient to prove assent to arbitration terms in the internet context.  *See Cordas v.*

6    *Uber Techs., Inc*., 228 F.Supp.3d 985, 989 (N.D. Cal. 2017) (granting motion to

7    compel arbitration and stating, "Similarly, no original of the screenshots is required

8    because they are not a writing, recording, or photograph.  *See* Fed. R. Evid. 1002.  It

9    is difficult, if not impossible, to conceive of how an 'original' screenshot would be

10   presented.").  In any event, Scott does not dispute the validity of the documents

11   attached as exhibits to Mr. daRosa's declaration or suggest that SmartBiz would be

12   unable to present such documents in an admissible form at trial.  *See White v.*

13   *Conduent Com. Sols., LLC*, 2024 WL 4373847, at *5 (E.D. Cal. Oct. 2, 2024)

14   (overruling plaintiff's objection under Rule 1002 "[g]iven [plaintiff's] lack of

15   specificity and that she does not dispute the validity of the documents themselves or

16   suggest that [defendant] would be unable to present the documents in an admissible

17   form at trial").  In fact, SmartBiz did produce a properly authenticated screenshot of

18   SmartBiz's website, which shows that Scott must check the box next to the

19   disclosure and click the button "Continue to pre-qualify" to proceed to the next step.

20   *See* daRosa Decl. ¶¶ 5-8, Ex. B.  SmartBiz has produced uncontroverted evidence

21   that Scott checked the box and clicked the button to indicate her consent to the

22   Terms of Service, and Scott does not contest that she did so.  *See Hong v. StubHub,*

23   *Inc*., 2024 WL 4720924, at *4 (C.D. Cal. Sept. 9, 2024) ("Assuming that the best

24   evidence rule applies to screenshots of a website, . . . [defendant's] unrebutted

25   declaration is adequate for a motion to compel arbitration, for which a more relaxed

26   evidentiary standard applies.").

27        Thus, there is no genuine issue of material fact that Scott agreed to the

28   arbitration provision.

**B.      The Arbitration Provision Is Not Unconscionable**

Scott argues the arbitration provision is both procedurally and substantively unconscionable because it imposes "exorbitant arbitration costs" on her.  Scott, however, misapplies the law.

The costs of arbitration are irrelevant to whether the arbitration provision is procedurally unconscionable, which "concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013).  As discussed in the moving papers, there was no oppression or surprise here.

Similarly, costs have nothing to do with whether the arbitration provision is substantively unconscionable, which "pertains to the fairness of an agreement's actual terms . . . A contract term is not substantively unconscionable when it merely gives one side a greater benefit; rather the term must be so one-sided as to shock the conscience." *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal.4th 223, 246 (2012); *see also Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 923 (9th Cir. 2013) ("A contract is substantively unconscionable when it is unjustifiably one-sided to such an extent that it 'shocks the conscience.'"); *Cal. Grocers Ass'n v. Bank of Am.*, 22 Cal.App.4th 205, 214–15 (1994).  As discussed in the motion, the terms of arbitration are bilateral and fair.  For example, the arbitration provision applies to both Scott and SmartBiz.  daRosa Decl., Ex. C at p. 8.  All remedies available to Scott under applicable federal, state, or local laws remain available in arbitration.  *Id.*  The forum of the arbitration is to take place at a JAMS facility located in or nearest to Scott's city of residence, or even remotely, if such a location is inconvenient for Scott.  *Id.*

In any event, the costs of litigating in arbitration are similar, if not cheaper, than litigation in court.  In fact, the JAMS Arbitration Schedule of Fees and Costs Plaintiff submitted expressly states, "For matters involving consumers, the

-4-

consumer is only required to pay $250" filing fee, which is less than the $405 filing fee for this Court.  Pltf's Ex. 1; Request for Judicial Notice ("RJN"), Ex. A.  The JAMS Policy on Consumer Arbitrations expressly states, "With respect to the cost of the arbitration, when a consumer initiates arbitration against the company, ***the only fee required to be paid by the consumer is $250***, which is approximately equivalent to current court filing fees.  ***All other costs must be borne by the company***, including any remaining JAMS Filing Fee, Case Management Fee and all professional fees for the arbitrator's services."  RJN, Ex. B (emphasis added).  Scott has not presented any evidence that she cannot afford $250.  Nor can she as she chose to initiate the present action in this Court by paying a filing fee of $405.

Moreover, the arbitration provision also expressly states, "If any arbitration fees are determined to be 'cost prohibitive,' SmartBiz will pay such arbitration fees."  daRosa Decl., Ex. C at p. 8.  In addition, under the JAMS rules, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of the arbitration fees, and respondents are responsible for the consumers' costs.  RJN, Ex. C.

Thus, any arguments regarding costs are misplaced, and the arbitration provision is valid and enforceable.

**C.     Plaintiff Must Submit This Dispute To Arbitration**

In an attempt to avoid arbitration, Scott argues that the arbitration provision does not mandate arbitration.  Her argument, however, misses the mark.  The arbitration provision expressly states, "Either party to this Agreement, may, at its sole election, require that the sole and exclusive forum and remedy for resolution of a Claim be final and binding arbitration[.]"  daRosa Decl., Ex. C at p. 8.  It also provides, "THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY ANY PARTY."  *Id.* at p. 9 (emphasis in original).  After Scott filed her Complaint, SmartBiz

exercised its right under the arbitration agreement and demanded that Scott submit her dispute to arbitration, as she had agreed.  Petersen Decl. ¶ 2, Ex. A.  Scott, however, declined to do so, in violation of the arbitration agreement she agreed to. Thus, Plaintiff must submit her action to arbitration.

### III.    <u>CONCLUSION</u>

For these reasons, the Court should grant SmartBiz's motion, compel arbitration, and stay this action pending arbitration.


Dated:  July 29, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By _____
                    */s/ Shannon Z. Petersen*
                    SHANNON Z. PETERSEN
                    SIEUN J. LEE

                    Attorneys for Defendant
                    SMARTBIZ BANK, N.A.