UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEACHUN SCOTT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THOMSON REUTERS CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-04103-RS<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION** |

Plaintiff Meachun Scott alleges she was denied a business loan by defendant SmartBiz Bank, N.A. on the basis of information provided by defendant Thomson Reuters Corporation, a "company that provides background screening services, including but not limited to criminal background checks and credit checks to various entities."[1] Scott asserts claims against Thompson Reuters for allegedly violating the Fair Credit Reporting Act by failing to take reasonable measures to ensure the information it reported was accurate, and for failing to provide Scott with a copy of her "full file" upon demand. Scott alleges SmartBiz violated the Equal Credit Opportunity Act by discriminating against her on the basis of race.

---

[1] On August 6, 2025, Scott filed a First Amended Complaint, without leave of court. Whether that complaint was properly filed or not, however, it does not alter the outcome of this motion. The amended complaint merely substitutes West Publishing Corporation for Thompson Reuters as a defendant, based on an allegation that "Thompson Reuters Clears" is actually a "service" provided by West, rather than a separate entity.

SmartBiz moves to compel arbitration as to the sole claim alleged against it. In opposition, plaintiff makes three basic arguments. First, SmartBiz contends the parties' agreement only makes arbitration "mandatory," if one of the parties "elects arbitration pursuant to this arbitration provision." Because plaintiff initiated this action without exercising her right to pursue arbitration, SmartBiz's motion to compel arbitration represents its election to enforce its right to arbitration.

Second, plaintiff argues that if SmartBiz is not deemed to be the party that "elect[ed] and initiat[ed] arbitration, plaintiff could be saddled with the costs of arbitration, which might then bear on the conscionability of the arbitration provision. There would be no basis, however, to conclude plaintiff had "elected and initiated" arbitration if plaintiff filed in court and then defendant's motion to compel arbitration was granted (over plaintiff's objection). Furthermore, SmartBiz has shown that under the rules of JAMs, a consumer party such as plaintiff would be required to pay no more than a $250 filing fee, even if deemed to be the initiating party. Plaintiff therefore has made no showing that the arbitration agreement is unconscionable.

Finally, plaintiff contends SmartBiz failed to show she actually checked the box on its website acknowledging her acceptance of the arbitration agreement. The declaration of SmartBiz's Chief Technology Officer, Louis daRosa, provides sufficient foundation and explanation to show that plaintiff did expressly accept the agreement.

SmartBiz's motion to compel arbitration of plaintiff's claim against it is granted. Litigation as to that claim is stayed pending the arbitration. Because the claims against Thompson Reuters/West Publishing appear to be independent of the claim against SmartBiz, those claims will not be stayed and the Initial Case Management Conference set for November 20, 2025 shall go forward as scheduled.

**IT IS SO ORDERED**.

Dated: August 19, 2025

_____
RICHARD SEEBORG
Chief United States District Judge