UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEACHUN SCOTT,

        Plaintiff,

    v.

SMARTBIZ BANK, N.A., et al.,

        Defendants.

Case No. 25-cv-04103-RS

**ORDER**

Represented by counsel, plaintiff Meachun Scott brought this action alleging she was denied a business loan by defendant SmartBiz Bank, N.A. on the basis of information provided by defendant Thomson Reuters Corporation. Scott asserted claims against Thompson Reuters for allegedly violating the Fair Credit Reporting Act by failing to take reasonable measures to ensure the information it reported was accurate, and for failing to provide her with a copy of her "full file" upon demand. Scott alleged SmartBiz violated the Equal Credit Opportunity Act by discriminating against her on the basis of race. Dkt. No. 1. By an amended complaint, Scott substituted West Publishing Company as a defendant, alleging "Thomson Reuters Clears" was a service provided by West. Dkt. No. 21.

SmartBiz's motion to compel arbitration as the claim against it was granted, and the litigation was stayed as to that claim. Dkt. No. 25. Thereafter, the remaining parties submitted a notice stating:

Plaintiff Mechaun [sic] Scott and Defendant West Publishing

Corporation ("the Parties") have agreed to terms to settle all claims with West Publishing Corporation, subject to execution of a confidential agreement.

The Parties intend to file a request for dismissal with prejudice within sixty (60) days or less. In light of the settlement, the Parties respectfully request the Court vacate all future hearings and deadlines in this case.

Dkt. No. 28.

Pursuant to the parties' joint notice, the court issued a standby order of dismissal, vacating all pretrial and trial dates. While still represented by counsel, plaintiff submitted documents "asking for the judge to reinstate court processings." Dkt. No. 30. Those materials are not properly before the court, given that plaintiff's counsel had not withdrawn. In light of the clear breakdown in the attorney client relationship, however, counsel's subsequently filed motion to withdraw is granted.

A further case management conference is set for April 23, 2026, at 10:00 a.m. If defendant contends the parties have entered into an enforceable settlement agreement, it may seek such relief as it deems appropriate. Particularly given that it appears the breakdown in the settlement process may have resulted from communication issues rather than incompatible positions as to the terms of settlement, the parties are strongly encouraged to make every effort to resolve this matter prior to the case management conference.

**IT IS SO ORDERED**.

Dated: March 3, 2026

RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

CASE NO. 25-cv-04103-RS

2